EDWARD HICKEY and others *vs.* JOHN W. VEAZIE.

*Submission. Report of referees—when it may be made.*

While it is the duty of referees to make their report in the first instance within the time specified in the submission, they may, even against the written protest of one of the parties, give them a new hearing and make a new report after the specified time, when authorized so to do by a recommitment of the former report.

ON EXCEPTIONS.

SUBMISSION of all claims between the parties, under R. S. c. 108.

The submission, dated May 19, 1870, stipulated that judgment rendered on the report of a majority of the referees, " made to the supreme judicial court for said county, at the October term of said court, next to be holden at Bangor, shall be final."

The entry of the case was made on the 22d day of the October term, 1871, when a report annexed to the submission was offered, and its acceptance moved by the plaintiffs, but resisted by the defendant. Thereupon the defendant moved a recommitment of the report to allow the referees to report such of the facts as would raise questions of law to be decided by the court; and the following entry was made upon the docket:

" Oct. T., 1870. 26. Recommitted. Report to be made during next term, or this report to be offered."

At the January term, 1871, the original report was again returned with the following indorsement:

" The foregoing award having, at the October term of the supreme judicial court, been recommitted to the undersigned, we notified all parties to the foregoing submission to appear at the office of one of the undersigned at Bangor, on the 27th day of December, 1870, and, at the time and place aforesaid, the parties appeared before us and were heard, and the said Veazie, there and then by his counsel, moved the referees to report a state of facts with their award, upon which said Veazie might raise, before the supreme judicial court, certain questions of law, to which motion the said Hickey & Co. objected; whereupon the undersigned refused so to report, and we, therefore, return to this court our former award as the conclusions of said referees, with the cost of this last hearing taxed at twenty dollars."

And the doings at that term appear in the following docket entry:

" Jan. T. 15. Original report offered and recommitted for referees to rehear the parties and award on all matters submitted, and to report specially, for determination of the court, any question of law arising on facts found by them which they may think it proper and important should be decided by the court, in determining the legal rights of the parties; the said Veazie objecting to this order of recommitment, denying the power of the court to make the foregoing order, and insisting and moving that all the reports should be rejected, which motion was denied by the court."

On the 32d day of the April term, 1871, to wit, on the 19th of June, 1871, the referees returned a new report annexed to the original submission, and the plaintiffs moved its acceptance. To the acceptance of the report, the defendant seasonably filed in writing the following objections:

1. The want of authority in referees to make the award; and
2. Want of authority in the court to accept the same.

It appeared that there was no appearance on the part of the defendant, after the January term, 1871, except under protest that the referees had no authority to proceed further with the case.

The report was accepted and the defendant alleged exceptions.

*A. W. Paine & J. S. Rowe*, for the defendant, cited *Colcord* v. *Fletcher*, 50 Maine, 401; *Wyman* v. *Hammond*, 55 Maine, 534; *Rawson* v. *Hall*, 56 Maine, 142; *Randall* v. *Lewiston W. P. Co.*, 36 Maine, 19; *Kingsbury* v. *Bell*, 9 Mass. 200; *Sargent* v. *Hampden*, 29 Maine, 70; s. c. 32 Maine, 78; *Deerfield* v. *Ames*, 20 Pick. 480; *King* v. *Dedham Bank*, 15 Mass. 447; *Swift* v. *Luce*, 27 Maine, 285; *Freeman* v. *Adams*, 9 Johns. 115; *Franklin Min. Co.* v. *Pratt*, 101 Mass. 359; *Burghardt* v. *Owen*, 13 Gray, 300; *Sperry* v. *Ricker*, 4 Allen, 17; *Heath* v. *Tenney*, 3 Gray, 380; *Hicks* v. *McDonnell*, 99 Mass. 459; *Rundell* v. *LeFleur*, 6 Allen, 480.

*Sewall & Blanchard*, and with them *J. A. Peters & F. A. Wilson*, cited *Sperry* v. *Ricker*, 4 Allen, 17; *Whitney* v. *Cook*, 5 Mass. 142; *Boardman* v. *England*, 6 Mass. 70; R. S. c. 108, §§ 4 and 5.

WALTON, J.   It is undoubtedly true that it is the duty of referees to make a report within the time specified in the submission; but it is equally certain that it is competent for the court to recommit the report, and the power to recommit necessarily implies a power on the part of the referees to make a new report, and a power on the part of the court to accept it; and as the statute authorizing the court to recommit does not limit the time within which it may be done, we have no doubt it may properly be done after the time specified in the submission.   The agreement of the parties does not wholly and exclusively control the proceedings in such cases.   The statute authorizing such submissions must also be consulted.   The submission does not authorize the referees to award costs; and but for the provisions of the statute expressly conferring this power, no such award could legally be made.   In this particular the statute, and not the agreement of the parties,

Hickey *v.* Veazie.

controls. The submission gives no power to the court to reject a report of referees, but the statute does; and in this respect also the statute, and not the agreement of the parties, controls. The statute authorizes the parties to agree within what time the report shall be made; but this was not intended to deprive the court of the power to recommit the report and to authorize a new hearing after that time. The terms of the agreement and the terms of the statute must be read and construed together; and when this is done there is no difficulty in harmonizing their provisions. We therefore repeat that while it is undoubtedly true that it is the duty of referees to report in the first instance within the time specified in the submission, this does not deprive them of the power to give the parties a new hearing and to make a new report, after that time, when authorized so to do by a recommitment of the report first made. To hold otherwise would render several important provisions of the statute absolutely null and of no practical effect whatever.

In this case the referees did report in the first instance within the time specified in the submission; but their report was twice recommitted, and the report which was finally accepted was not made till after that time. We have no doubt of the power of the referees to make this last report, nor of the power of the court to accept it. R. S. c. 108, §§ 4 and 5.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.